UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. MONCUS, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1842 KJM AC P<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.　　Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.   Complaint

Plaintiff alleges that on February 9, 2014, he and his cellmate, Zamora, were standing in their cell eating when an officer approached the cell, restrained plaintiff, and escorted him to the program office. ECF No. 1 at 8. Plaintiff was informed he was going to Administrative Segregation because defendant Moncus had observed plaintiff masturbating in the top bunk as she walked by conducting standing count. Id. at 9. A prison disciplinary hearing was postponed at plaintiff's request while the Amador County District Attorney's office investigated. Id. at 35-36. The District Attorney's office initiated criminal charges against plaintiff, but later dismissed the charges in the interest of justice, because defendant Moncus renounced her statements. Id. at 10, 35-37.

After the criminal charges were dismissed, a disciplinary hearing was held. Id. at 35-36. At the disciplinary hearing, defendant Moeckly served as the hearing officer over plaintiff's objection that he was biased, due to the fact that Moeckly had failed to perform his duties as an investigating officer in plaintiff's unrelated excessive force complaint. Id. at 10.

Plaintiff requested Zamora and defendant Moncus be called as witnesses at the disciplinary hearing. Id. at 10-11, 37. His request as to Zamora was denied because it was determined Zamora had no relevant or additional information other than the answers he had already provided to plaintiff's questions in the investigating officer's report. Id. at 37. During the hearing, defendant Moncus stated she observed plaintiff masturbating on the date in question. Id.

However, plaintiff complains that defendant Moeckly failed to document plaintiff's statement that the case had been dismissed by the D.A. because Moncus had renounced her statement. Id. at 11.

Plaintiff was found guilty of violating California Code of Regulations, Title 15, § 3007 based on the written Rules Violation Report ("RVR") authored by defendant Moncus which stated that she witnessed plaintiff lying on the upper bunk exposing himself and masturbating. Id. at 12, 35, 38. As punishment for receiving the RVR, plaintiff was sentenced to ten days loss of yard and one hundred eighty (180) days loss of canteen, appliances, vendor packages, telephone, and personal property privileges. Id. Plaintiff was not assessed any loss of behavior credits as a result of the RVR. Id.

Plaintiff alleges defendant Moncus violated his Eighth Amendment rights when she entered the male housing unit without first announcing her presence which constituted sexual harassment in violation of the Prison Rape Elimination Act ("PREA"). Id. at 13-15. Plaintiff alleges defendant Moeckly violated his Fourteenth Amendment rights by failing to provide plaintiff with a fair disciplinary hearing. Id. at 16. He further alleges defendants Lizarraga and Beard violated his Fourteenth Amendment rights because, as top administrative employees, they were aware or should have been aware of the due process violations when plaintiff brought them to their attention through the appeals process. Id. at 17.

IV.    Failure to State a Claim

A. Legal Standard for the Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime. U.S. Const. amend. VIII. "The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations omitted) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349). Whether a specific act constitutes cruel and unusual punishment is measured by "'the evolving standards of decency that mark the progress of a maturing society.'" Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)). In evaluating a prisoner's claim, courts consider whether "'the officials act[ed] with a sufficiently culpable state

of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (alteration in original) (quoting Wilson, 501 U.S. at 298, 303).

"Although prisoners have a right to be free from sexual abuse, [. . .] the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal citation omitted); Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms" prisoners have a clearly established Eighth Amendment right to be free from sexual abuse.). While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding [only] the latter to be in violation of the constitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing Schwenk, 204 F.3d at 1198)); Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him); Patrick v. Martin, 402 F. App'x 284, 285 (9th Cir. 2010) (sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983) (citing Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)).

In general, allegations of verbal harassment or abuse do not state a cognizable claim under § 1983. Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Somers v. Thurman, 109 F.3d 614 (9th Cir. 1997) (found inmate failed to state a claim where female correction officers pointed, joked, and "gawked" at an inmate while he showered). Plaintiff's only allegation is that defendant Moncus did not announce her presence as she walked into the housing unit. The complaint makes clear that at all times plaintiff was in his cell and defendant Moncus was outside of plaintiff's cell, and she did not say anything as she conducted standing count. ECF No. 1 at 9. Based on the facts alleged, plaintiff cannot state a claim for sexual harassment in violation of the Eighth Amendment because there was no physical contact or even verbal exchange between plaintiff and defendant Moncus.

////

B. <u>PREA Violation</u>

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" <u>Blessing v. Freestone</u>, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." <u>Id.</u> (emphasis in original) (citing <u>Golden State Transit Corp. v. Los Angeles</u>, 493 U.S. 103, 106 (1989). The PREA, 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. <u>Porter v. Jennings</u>, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1, 2012 U.S. Dist. LEXIS 58021, at *3 (E.D. Cal. Apr. 25, 2012); <u>see also</u>  <u>Law v. Whitson</u>, No. 2:08-cv-0291-SPK, 2009 WL 5029564, at *4, 2009 U.S. Dist. LEXIS 122791, at *9 (E.D. Cal. Dec. 15, 2009); <u>Bell v. County of Los Angeles</u>, No. CV 07-8187-GW(E), 2008 WL 4375768, at *6, 2008 U.S. Dist. LEXIS 74763, *16 (C.D. Cal. Aug. 25, 2008); <u>Inscoe v. Yates</u>, No. 1:08-cv-001588 DLB PC, 2009 WL 3617810, at *3, 2009 U.S. Dist. LEXIS 108295, *8 (E.D. Cal. Oct. 28, 2009); <u>see also</u> <u>Blessing</u>, 520 U.S. at 340-41 (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously impose[d] a binding obligation on the States" by using "mandatory, rather than precatory, terms"). Since the Act itself contains no private right of action, nor does it create a right enforceable under §1983, defendant Moncus' alleged PREA violation fails to state a claim for relief.

Plaintiff appears to allege that defendant Moncus failed to comply with a national standard set by the PREA, 28 C.F.R. § 115.15(d), which requires prisons to implement policies and procedures requiring "staff of opposite gender to announce their presence when entering an inmate housing unit." He alleges that defendant Moncus's failure to follow that policy amounted to sexual harassment in violation of the Eighth Amendment. However, as set forth above, plaintiff has not alleged facts sufficient to support an Eighth Amendment claim and because the PREA does not provide a private right of action enforceable under § 1983, alleging a violation of that act does not state a claim.

C. <u>Legal Standard for the Fourteenth Amendment</u>

Under the Due Process Clause of the Fourteenth Amendment, the government cannot deprive a person of "life, liberty, or property" without due process of law. U.S. Const. amend. XIV. A due process claim requires a constitutionally protected liberty or property interest. <u>Ingraham v. Wright</u>, 430 U.S. 651, 672 (1977). "Constitutionally protected liberty interests can arise under either state law or the Due Process Clause." <u>Duffy v. Riveland</u>, 98 F.3d 447, 456-57 (9th Cir. 1996) (citing <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th Cir. 1987)). The Constitution itself does not confer on inmates a liberty interest in the more adverse conditions of confinement. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221(2005). However, "a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations." <u>Id.</u> at 222.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). However, an inmate subject to disciplinary sanctions that include the loss of good time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, <u>id.</u> at 563-64; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the action, <u>id.</u> at 564-65; (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," <u>id.</u> at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, <u>id.</u> at 570; and (5) a sufficiently impartial fact finder, <u>id.</u> at 570-71. A finding of guilt must also be "supported by some evidence in the record." <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985).

In this case, plaintiff did not lose any good time credits and the <u>Wolff</u> court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges." <u>Wolff</u>, 418 U.S. at 571 n.19. Therefore, in order to demonstrate that he is entitled to the due process outlined in <u>Wolff</u>, plaintiff must show that the disciplinary caused a change in confinement that "impose[d] atypical and significant hardship on [him] in relation to the ordinary

7

incidents of prison life." Sandin v. O'Conner, 515 U.S. 472, 484 (1995). In determining if the deprivation imposes an atypical and significant hardship, the court considers:

> "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence."

Brown v. Oregon Dept. of Corr., 751 F.3d 983, 987 (9th Cir. 2014) (quoting Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003)).

Plaintiff alleges his Fourteenth Amendment due process rights were violated when defendant Moeckly failed to provide him with a fair disciplinary hearing because he had predetermined plaintiff's guilt, depriving him of a sufficiently impartial fact finder. ECF No. 1 at 16. Plaintiff also appears to argue that there was not "some evidence" on which to base the guilty finding. Id. at 11-12. However, the attachments to the complaint demonstrate that plaintiff was assessed only a temporary loss of privileges as punishment for being found guilty of the RVR. Id. at 38. Specifically, plaintiff was assessed ten days loss of yard and one hundred eighty days loss of canteen, appliances, vendor packages, telephone, and personal property privileges. Id. Considering that the duration of plaintiff's sentence was not affected, the nature of the privileges lost, and the defined and temporary duration of the loss, the revocation of privileges does not constitute a dramatic departure from ordinary conditions of prison life, and therefore does not establish the existence of a liberty interest sufficient to warrant due process protections. See Sandin, 515 U.S. at 485 ("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (no constitutional right to canteen items); Baker v. Walker, No. CIV S-08-1370 DAD P, 2008 WL 2705025, at *3, 2008 U.S. Dist. LEXIS 54808, at *9 (E.D. Cal. July 9, 2008) ("A temporary loss of privileges . . . does not 'present a dramatic departure from the basic conditions' of prison life." (quoting Sandin, 515 U.S. at 486)); see also Borcsok v. Early, 299 F. App'x 76, 78 (2nd Cir. 2008) (ninety-day "confinement and loss of privileges did not rise to a liberty interest, warranting procedural due process protection"); Carter v. Tucker, 69

F. App'x 678, 679-80 (6th Cir. 2003) (nine-month loss of package privileges not an atypical and significant hardship); Smith v. Roper, 12 F. App'x 393, 396 (7th Cir. 2001) (six-month loss of privileges does not implicate a liberty interest).

        D.  Supervisory Liability

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Id. at 646. A supervisor may be liable if the supervisor "knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). However, claims based solely on a defendant's position as a supervisor do not state a claim under § 1983. Id. Supervisory liability may also exist without any personal participation if the prison official implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citation and internal quotation marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

    Because plaintiff has failed to state claims against defendants Moncus and Moeckly, any supervisory claims against Lizarraga and Beard must fail because their subordinates did not violate his rights. However, even if plaintiff was entitled to and denied the due process outlined in Wolff, his allegations against Lizarraga and Beard fail to state facts showing defendants personally participated in, directed, or had knowledge of and failed to prevent the due process violations. Plaintiff alleges defendants Lizarraga and Beard violated his Fourteenth Amendment rights because he brought due process violations to their attention through the appeals process and they did not correct his conviction. ECF No. 1 at 17. In order to be liable under § 1983 a prison official must have done something more than fail to correct an alleged violation brought to their attention in a grievance after the violation has occurred. See Taylor, 880 F.2d at 1045 (upholding dismissal of defendant when plaintiff failed to provide facts showing defendant knew of and

failed to prevent constitutional violations); Anaya v. CDCR, No. 1:16-cv-00040-MJS (PC), 2016 WL 7178527, at *5, 2016 U.S. Dist. LEXIS 170202, at *12 (E.D. Cal. Dec. 8, 2016) ("[T]he denial of a prisoner's administrative appeal generally does not cause or contribute to the underlying violation." (citing George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007))). Alleging that defendants violated his rights by failing to correct a due process violation that had already occurred when he brought it to their attention through the grievance process does not state a claim.  To state a claim under § 1983 plaintiff must state facts showing that the defendant personally participated in or knew of and failed to stop an ongoing violation.

The complaint also alleges that defendants Lizarraga and Beard's failure to require officers to comply with the PREA allowed officers to sexually abuse and harass inmates.  ECF No. 1 at 17.  As explained above, plaintiff's allegations that Moncus sexually harassed and abused him by not announcing herself prior to conducting count are insufficient to rise to the level of an Eighth Amendment violation and violations of the PREA do not state a claim for relief, so even if Lizarraga and Beard could be held responsible for Moncus' actions, any failure to train Moncus or correct her behavior also fails to state a claim for relief.

Because the actions of defendants Moncus and Moeckly did not violate plaintiff's constitutional rights, plaintiff cannot show that defendants Lizarraga or Beard knew of ongoing constitutional violations and failed to stop or prevent them or that they were personally involved in a violation of his constitutional rights.  For these reasons plaintiff has failed to state a claim against defendants Lizarraga and Beard.

V.     No Leave to Amend

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff's complaint fails to state a claim upon which relief may be granted.  Moreover, given the nature of plaintiff's claims, there is no way for plaintiff to amend the complaint to state a claim for which relief can be granted and leave to amend would be futile.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

VI.     Summary

Plaintiff's request to proceed in forma pauperis is granted.

It is recommended that the complaint be dismissed without leave to amend because amendment would be futile.  Plaintiff's allegations fail to state a claim for sexual harassment in violation of the Eighth Amendment because defendant Moncus did not touch plaintiff or make any harassing comments.  Amendment would be futile because plaintiff alleges he was in his cell when Moncus walked by and she did not touch him or say anything when she walked by.  Without a touching or a harassing comment plaintiff cannot state a claim for sexual harassment in violation of the Eighth Amendment.

Plaintiff's Fourteenth Amendment claim against defendant Moeckly also fails to state a claim for relief.  In order to state a claim, plaintiff must allege facts showing he had a liberty interest in maintaining his privileges and he did not receive the benefit of proper procedures during the disciplinary hearing.  Based on the privileges plaintiff lost and the temporary nature of the loss, plaintiff was not subject to an atypical and significant hardship and therefore had no liberty interest at stake.

Because he has failed to state claims against defendants Moncus and Moeckly, plaintiff's claims against defendants Beard and Lizarraga are also dismissed.  The claims are also dismissed because he must allege facts showing some affirmative act on the part of defendants that deprived him of a constitutional right.  It is not enough to state that they knew or should have known of the alleged constitutional violations because they reviewed his appeal after the alleged constitutional

1 violations occurred.  Further, since defendant Moncus' behavior did not violate his constitutional
2 rights, he cannot show that an unconstitutional policy existed that was implemented by the named
3 defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

In accordance with the above, IT IS HEREBY RECOMMENDED that the complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 28, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE